**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAJBIR SINGH PANNU, | No. 15-70309 |
| Petitioner, | Agency No. A088-572-272 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 16, 2018**

Before:     REINHARDT, TROTT, and HURWITZ, Circuit Judges.

Jajbir Singh Pannu, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's ("IJ") decision denying his application for asylum, withholding of removal,

and relief under the Convention Against Torture ("CAT"). We have jurisdiction

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010), and we deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on, among other things, inconsistencies between Pannu's testimony and documentary evidence as to the injuries the police inflicted on Pannu and when Pannu went to the hospital for treatment, the omission from a doctor's letter of a traumatic injury, and the IJ's demeanor finding. *See id.*, 590 F.3d at 1048 (adverse credibility determination was reasonable under the "totality of the circumstances"); *see also Huang v. Holder*, 744 F.3d 1149, 1153 (9th Cir. 2014) ("The need for deference is particularly strong in the context of demeanor assessments."). Pannu's explanations do not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). In the absence of credible testimony, in this case, Pannu's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Pannu's CAT claim fails because it is based on the same testimony the agency found not credible, and Pannu does not point to any other evidence in the record that compels the conclusion that it is more likely than not he would be

tortured by or with the consent or acquiescence of the government of India. *Id*. at 1156-57.

**PETITION FOR REVIEW DENIED.**

15-70309